UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  Plaintiff,  v.  **Joaquin CHAVEZ-Reyes,**  Defendant | Magistrate Docket No.  **'08 MJ 2025**  COMPLAINT FOR VIOLATION OF:  Title 8, U.S.C., Section 1326  Deported Alien Found in the United States |

The undersigned complainant, being duly sworn, states:

On or about **July 1, 2008** within the Southern District of California, defendant, **Joaquin CHAVEZ-Reyes**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **2nd** DAY OF **JULY, 2008**

Barbara L. Major
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Joaquin CHAVEZ-Reyes

## PROBABLE CAUSE STATEMENT

On July 1, 2008, at approximately 6:05 a.m., Border Patrol Agent R. McArdle was patrolling the International Border near Campo, California. This area is approximately 8 miles east and one mile north of the Tecate, California Port of Entry. Agent McArdle responded to radio transmissions from the night vision scope operator that a group of eight individuals were observed walking north near the intersection of the Rope Road and Highway 94 in Campo, California.

Upon arrival in the area Agent McArdle was able to apprehend seven of the eight individuals including one later identified as the defendant **Joaquin CHAVEZ-Reyes**. Agent McArdle identified himself as a Border Patrol Agent and questioned the defendant as to his citizenship. The defendant admitted to being a citizen and national of Mexico and was not in possession of any immigration documents allowing him to be in the United States. Agent McArdle then placed the defendant under arrest and had him transported to the Tecate Processing Center in Tecate, California.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico on April 2, 2008** through **San Ysidro, California.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was advised of his Miranda rights. The defendant stated that he understood his rights and was willing to answer questions without an attorney present. The defendant admitted that he is a citizen and national of Mexico illegally present in the United States. The defendant further admitted that he had been previously deported from the United States and has not applied or requested permission to re-enter the United States legally.