1  **SARA M. PELOQUIN**
   California State Bar No.254945
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
   225 Broadway, Suite 900
3  San Diego, California  92101-5008
   Telephone:  (619) 234-8467
4  sara_peloquin@fd.org

5  Attorneys for Mr. Joaquin Chavez-Reyes

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10                   **(HONORABLE JOHN A. HOUSTON)**

11  UNITED STATES OF AMERICA,          )     CASE NO. 08CR2521-JAH
                                       )
12              Plaintiff,             )     DATE:  August 25, 2008
                                       )     TIME:  8:30 a.m.
13  v.                                 )
                                       )     NOTICE OF MOTIONS AND MOTIONS TO:
14  JOAQUIN CHAVEZ-REYES,              )
                                       )     1)    COMPEL DISCOVERY AND PRESERVE
15              Defendant.             )            EVIDENCE; AND
                                       )     2)    GRANT  LEAVE  TO  FILE  FURTHER
16  _____ )            MOTIONS_____

17  TO:    KAREN P. HEWITT, UNITED STATES ATTORNEY; AND
           CARLOS ARGUELLO, ASSISTANT UNITED STATES ATTORNEY:

18

19         **PLEASE TAKE NOTICE** that, on Monday, August 25, 2008, at 8:30 a.m., or as soon thereafter

20  as counsel may be heard, the accused, Joaquin Chavez-Reyes, by and through his attorneys, Sara M. Peloquin,

21  and Federal Defenders of San Diego, Inc., will ask this Court to enter an order granting the motions listed

22  below.

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

## MOTIONS

Joaquin Chavez-Reyes, the accused in this case, by and through his attorneys, Sara M. Peloquin, and Federal Defenders of San Diego, Inc., pursuant to the United States Constitution, Federal Rules of Criminal Procedure, and all other applicable statutes, case law and local rules, hereby moves this Court for an Order:

1)    To Compel Further Discovery and Preserve Evidence; and

2)    To Grant Leave to File Further Motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, and any and all other materials that may come to this Court's attention at the time of the hearing on these motions.

Respectfully submitted,

DATED:  August 18, 2008

*/s/ Sara M. Peloquin*
**SARA M. PELOQUIN**
Federal Defenders of San Diego, Inc.
Attorneys for Joaquin Chavez-Reyes

1 | **SARA M. PELOQUIN**
California State Bar No.254945
2 | **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
3 | San Diego, California  92101-5008
Telephone:  (619) 234-8467
4 | sara_peloquin@fd.org

5 | Attorneys for Mr. Joaquin Chavez-Reyes

6

7

8 | UNITED STATES DISTRICT COURT

9 | SOUTHERN DISTRICT OF CALIFORNIA

10 | **(HONORABLE JOHN A. HOUSTON)**

11

12 | UNITED STATES OF AMERICA,          )          CASE NO.08CR2521-JAH
                                               )          DATE:  August 25, 2008
                  Plaintiff,                   )          TIME:  8:30 a.m.
13 |                                            )
v.                                             )          STATEMENT OF FACTS AND
14 |                                            )          MEMORANDUM OF POINTS AND
JOAQUIN CHAVEZ-REYES,                          )          AUTHORITIES IN SUPPORT OF
15 |                                            )          MR. CHAVEZ-REYES' MOTIONS
                  Defendant.                    )
16 | _____ )

17 | **I.**

18 | **STATEMENT OF FACTS**

19 |      The following statement of facts is based on materials received from the government.  Mr. Chavez-

20 | Reyes does not accept this statement of facts as his own, and reserves the right to take a contrary position at

21 | motion hearings and trial.  The facts alleged in these motions are subject to amplification and/or modification

22 | at the time these motions are heard.

23 |      Mr. Chavez-Reyes was arrested on July1, 2008.  On July 30, 2008, the government filed a one count

24 | indictment charging a violation of 8 U.S.C. § 1326 (a) and (b).

25 |      These motions follow.

26 | / / /

27 | / / /

28 | / / /

## II.

### MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE

Mr. Chavez-Reyes moves for the production of the following discovery. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." See United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

(1)   Mr. Chavez-Reyes' Statements. The government must disclose to Mr. Chavez-Reyes all copies of any written or recorded statements made by him; the substance of any statements made by Mr. Chavez-Reyes which the government intends to offer in evidence at trial -- either in its case-in-chief or in rebuttal; see Id., any response by him to interrogation; the substance of any oral statements which the government intends to introduce at trial and any written summaries of Mr. Chavez-Reyes' oral statements contained in the handwritten notes of the government agent; any response to any Miranda warnings which may have been given to him; as well as any other statements by Mr. Chavez-Reyes. Fed. R. Crim. P. 16(a)(1)(A)[1]. The Advisory Committee Notes and the 1991 Amendments to Rule 16 make clear that the Government must reveal all the accused's statements, whether oral or written, regardless of whether the government intends to make any use of those statements. Federal Rule of Criminal Procedure 16 is designed "to protect the defendant's rights to a fair trial." United States v. Rodriguez, 799 F.2d 649 (11th Cir. 1986); see also United States v. Noe, 821 F.2d 604, 607 (11th Cir. 1987) (reversing conviction for failure to provide statements offered in rebuttal -- government's failure to disclose statements made by the defendant is a serious detriment to preparing trial and defending against criminal charges).

(2)   Arrest Reports and Notes. Mr. Chavez-Reyes also specifically requests that the government turn over all arrest reports, notes and TECS records not already produced that relate to the circumstances surrounding his arrest or any questioning. This request includes, but is not limited to, any rough notes, records, reports, transcripts, referral slips, or other documents in which statements of Mr. Chavez-Reyes or any other discoverable material is contained. Such material is discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland. The government must produce arrest reports, investigators' notes, memos from

---

[1] Of course, any of Mr. Chavez-Reyes' statements, which are exculpatory, must be produced, as well. See Brady v. Maryland, 373 U.S. 83 (1963).

08CR2521-JAH

1  arresting officers, sworn statements, and prosecution reports pertaining to the defendant.  See Fed. R. Crim.

2  P. 16(a)(1)(B) and (C), 26.2 and 12(I); United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (original

3  notes with suspect or witness must be preserved); see also United States v. Anderson, 813 F.2d 1450, 1458

4  (9th Cir. 1987) (reaffirming Harris' holding).

5          (3)    Brady Material.  Mr. Chavez-Reyes requests all documents, statements, agents' reports, and

6  tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the

7  government's case.  Kyles v. Whitley, 514 U.S. 419 (1995).  Under Brady, Kyles and their progeny,

8  impeachment, as well as exculpatory evidence, falls within the definition of evidence favorable to the accused.

9  See also United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).  This

10  includes information obtained from other investigations which exculpates Mr. Chavez-Reyes.

11          (4)    Any Information That May Result in a Lower Sentence Under The Guidelines.  The

12  government must also produce this information under Brady v. Maryland.  This request includes any

13  cooperation or attempted cooperation by Mr. Chavez-Reyes, as well as any information, including that

14  obtained from other investigations or debriefings, that could affect any base offense level or specific offense

15  characteristic under Chapter Two of the Guidelines. Mr. Chavez-Reyes also requests any information relevant

16  to a Chapter Three adjustment, a determination of his criminal history, and information relevant to any other

17  application of the Guidelines.

18          (5)    Mr. Chavez-Reyes' Prior Record.  Mr. Chavez-Reyes requests disclosure of his prior record.

19  Fed. R. Crim. P. 16(a)(1)(D).

20          (6)    Any Proposed 404(b) Evidence.  The government must produce evidence of prior similar acts

21  under Fed. R. Crim. P. 16(a)(1)(D) and Fed. R. Evid. 404(b) and 609.  In addition, "upon request of the

22  accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of

23  any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial and the purpose for

24  which introduction is sought.  This applies not only to evidence which the government may seek to introduce

25  in its case-in-chief, but also to evidence which the government may use as rebuttal.  See United States v.

26  Vega, 188 F.3d 1150 (9th Cir. 1999).  Mr. Chavez-Reyes is entitled to "reasonable notice" so as to "reduce

27  surprise," preclude "trial by ambush" and prevent the "possibility of prejudice."  Id.; United States v. Perez-

28  / / /

1  Tosta, 36 F.3d 1552, 1560-61 (11th Cir. 1994).  Mr. Chavez-Reyes requests such reasonable notice at least

2  two weeks before trial so as to adequately investigate and prepare for trial.

3      (7)    Evidence Seized.  Mr. Chavez-Reyes requests production of evidence seized as a result of

4  any search, either warrantless or with a warrant.  Fed. R. Crim. P. 16(a)(1)(E).

5      (8)    Request for Preservation of Evidence.  Mr. Chavez-Reyes specifically requests the

6  preservation of any and all physical evidence that may be destroyed, lost, or otherwise put out of the

7  possession, custody, or care of the government and which relates to the arrest or the events leading to the

8  arrest in this case.  This request includes, but is not limited to, the results of any fingerprint analysis,

9  Mr. Chavez-Reyes' personal effects, and any evidence seized from Mr. Chavez-Reyes or any third party in

10 relation to this case.

11      In addition, Mr. Chavez-Reyes requests that the Assistant United States Attorney assigned to this

12 case oversee a review of all personnel files of each agent involved in the present case for impeachment

13 material.  Kyles, 514 U.S. at 419; United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991); United States v.

14 Lacy, 896 F.Supp. 982 (N.D. Ca. 1995).  At a minimum, the prosecutor has the obligation to inquire of his

15 agents in order to ascertain whether or not evidence relevant to veracity or other impeachment exists.

16      (9)    Tangible Objects.  Mr. Chavez-Reyes requests the opportunity to inspect and copy, as well

17 as test, if necessary, all other documents and tangible objects, including photographs, books, papers,

18 documents, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or

19 intended for use in the government's case-in-chief or were obtained from or belong to Mr. Chavez-Reyes.

20 Fed. R. Crim. P. 16(a)(1)(E).  Specifically, to the extent they were not already produced, Mr. Chavez-Reyes

21 requests copies of all photographs in the government's possession, including, but not limited to, photographs

22 of himself and any other photos taken in connection with this case.

23      (10)    Expert Witnesses.  Mr. Chavez-Reyes requests the name, qualifications, and a written

24 summary of the testimony of any person that the government intends to call as an expert witness during its

25 case in chief. Fed. R. Crim. P. 16(a)(1)(G).  The defense requests that notice of expert testimony be provided

26 at a minimum of two weeks prior to trial so that the defense can properly prepare to address and respond to

27 this testimony, including obtaining its own expert and/or investigating the opinions and credentials of the

28 government's expert.  The defense also requests a hearing in advance of trial to determine the admissibility

1  of qualifications of any expert.  See Kumho v. Carmichael Tire Co. 119 S. Ct. 1167, 1176 (1999) (trial judge

2  is "gatekeeper" and must determine reliability and relevancy of expert testimony and such determinations may

3  require "special briefing or other proceedings . . ..").

4          (11)    Evidence of Bias or Motive to Lie.  Mr. Chavez-Reyes requests any evidence that any

5  prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or

6  distort his or her testimony.

7          (12)    Impeachment Evidence.  Mr. Chavez-Reyes requests any evidence that any prospective

8  government witness has engaged in any criminal act whether or not resulting in a conviction and whether any

9  witness has made a statement favorable to the defendant.  See Fed. R. Evid. 608, 609 and 613; Brady v.

10  Maryland.

11          (13)    Evidence of Criminal Investigation of Any Government Witness. Mr. Chavez-Reyes requests

12  any evidence that any prospective witness is under investigation by federal, state or local authorities for any

13  criminal conduct.

14          (14)    Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling. The

15  defense requests any evidence, including any medical or psychiatric report or evaluation, that tends to show

16  that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and

17  any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an

18  alcoholic.

19          (15)    Jencks Act Material.  Mr. Chavez-Reyes requests production in advance of trial of all

20  material, including any tapes, which the government must produce pursuant to the Jencks Act, 18 U.S.C. §

21  3500; Fed. R. Crim. P. 26.2.  Advance production will avoid the possibility of delay at Mr. Chavez-Reyes'

22  request to investigate the Jencks material.  A verbal acknowledgment that "rough" notes constitute an accurate

23  account of the witness' interview is sufficient for the report or notes to qualify as a statement under section

24  3500(e)(1).  Campbell v. United States, 373 U.S. 487, 490-92 (1963); see also United States v. Boshell, 952

25  F.2d 1101 (9th Cir. 1991) (holding that, where an agent goes over interview notes with subject, interview

26  notes are subject to Jencks Act).

27          (16)    Giglio Information.  Pursuant to Giglio v. United States, 405 U.S. 150 (1972), Mr. Chavez-

28  Reyes requests all statements and/or promises, express or implied, made to any government witnesses, in

1  exchange for their testimony in this case, and all other information which could arguably be used for the

2  impeachment of any government witnesses.

3        (17)    Agreements Between the Government and Witnesses.  In this case, Mr. Chavez-Reyes

4  requests identification of any cooperating witnesses who have committed crimes, but were not charged, so

5  that they may testify for the government in this case.  Mr. Chavez-Reyes also requests discovery regarding

6  any express or implicit promise; understanding; offer of immunity; past, present, or future compensation; or

7  any other kind of agreement or understanding, including any implicit understanding relating to criminal or

8  civil income tax, forfeiture or fine liability between any prospective government witness and the government

9  (federal, state and/or local).  This request also includes any discussion with a potential witness about, or

10 advice concerning, any contemplated prosecution, or any possible plea bargain, even if no bargain was made,

11 or the advice not followed.

12        Pursuant to United States v. Sudikoff, 36 F.Supp.2d 1196 (C.D. Cal. 1999), the defense requests all

13 statements made, either personally or through counsel, at any time, which relate to the witnesses' statements

14 regarding this case, any promises -- implied or express -- regarding punishment/prosecution or detention of

15 these witnesses, any agreement sought, bargained for or requested, on the part of the witness at any time.

16        (18)    Informants and Cooperating Witnesses. Mr. Chavez-Reyes requests disclosure of the names

17 and addresses of all informants or cooperating witnesses used, or to be used, in this case, and in particular,

18 disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime

19 charged against Mr. Chavez-Reyes.  The government must disclose the informant's identity and location, as

20 well as the existence of any other percipient witness unknown or unknowable to the defense.  Roviaro v.

21 United States, 353 U.S. 53, 61-62 (1957).  The government must disclose any information derived from

22 informants which exculpates or tends to exculpate Mr. Chavez-Reyes.

23        (19)    Bias by Informants or Cooperating Witnesses.  Mr. Chavez-Reyes requests disclosure of any

24 information indicating bias on the part of any informant or cooperating witness.  Giglio v. United States.  Such

25 information would include what, if any, inducements, favors, payments or threats were made to the witness

26 to secure cooperation with the authorities.

27        (20)    Inspection and Copying of A-File.  Mr. Chavez-Reyes requests that this Court order the

28 government to make all A-Files relevant to Mr. Chavez-Reyes  available for inspection and copying.

1  Mr. Chavez-Reyes specifically requests production of a copy of the taped proceedings and any and all

2  documents memorializing the deportation proceedings allegedly held and any other proceedings that the

3  government intends to rely upon at trial. This request includes discovery of materials known to the

4  government attorney, as well as discovery of materials which the government attorney may become aware of

5  through the exercise of due diligence. See FED. R. CRIM. P. 16.

6      Mr. Chavez-Reyes requests a full copy of his A-file and any other immigration files linked to his

7  immigration history. Mr. Chavez-Reyes specifically requests the documents memorializing the alleged

8  deportation proceedings and any other proceedings that the government intends to rely upon at trial.

9      Mr. Chavez-Reyes additionally requests that the Court order the government to allow him the

10 opportunity to review his A-file in its entirety. First, the A-file contains documentation concerning his alleged

11 deportation. Mr. Chavez-Reyes must be afforded the opportunity to challenge the validity of the indictment.

12 Mr. Chavez-Reyes may do this by challenging the lawfulness of the alleged deportation. The documents in

13 the A-file are essential to a potential challenge to the indictment and the lawfulness of the deportation.

14     Second, the government will likely try to show at trial that a government officer searched the A-file

15 and did not find an application by Mr. Chavez-Reyes for permission to enter the United States. Mr. Chavez-

16 Reyes anticipates that the government will attempt to admit a "Certificate of Non-Existence of Record"

17 against him, arguing that if Mr. Chavez-Reyes had ever applied for permission to enter the United States, such

18 an application would be found in the A-file and because such an application is not in the A-file, Mr. Chavez-

19 Reyes must not have applied for permission to enter the United States.

20     Although the certificate might be admissible, the question of the thoroughness of the search

21 conducted by the government of the A-file is, and should be, open to cross-examination. United States v.

22 Sager, 227 F.3d 1138, 1145 (2000) (error not to allow jury to "grade the investigation."). Mr. Chavez-Reyes

23 should be able to review his A-file in order to see whether any application for lawful admission exists.

24 Moreover, Mr. Chavez-Reyes should also be able to verify whether other documents that would ordinarily

25 be in the A-file are "non-existent," or otherwise missing from his A-file. Mr. Chavez-Reyes may assert a

26 defense that his application for lawful entry was lost or otherwise misplaced by the government. He must be

27 allowed the opportunity to review his A-file and the manner in which it is being maintained by the government

28 in order to present this defense.

1    Finally, the A-File may contain <u>Brady</u> material.  Mr. Chavez-Reyes requests all documents,

2    statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which

3    affects the credibility of the government's case.  <u>Kyles v. Whitley</u>, 514 U.S. 419 (1995).  Under <u>Brady</u>, <u>Kyles</u>

4    and their progeny, impeachment, as well as exculpatory evidence, falls within the definition of evidence

5    favorable to the accused.  <u>See also</u> <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427

6    U.S. 97 (1976).  This includes information obtained from other investigations which exculpates Mr. Chavez-

7    Reyes.

8    Brady material also includes and information that may lead to a lower sentence under the guidelines.

9    The A-File is likely to contain documents from alleged prior conviction that could affect any base offense

10   level or specific offense characteristic under Chapter Two of the Guidelines.  Mr. Chavez-Reyes also requests

11   any information relevant to a Chapter Three adjustment, a determination of his criminal history, and

12   information relevant to any other application of the Guidelines.

13   The A-File is likely to contain information regarding prior similar acts.  The government must

14   produce evidence of prior similar acts under Fed. R. Crim. P. 16(a)(1)(D) and Fed. R. Evid. 404(b) and 609.

15   In addition, "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of

16   trial . . . of the general nature" of any evidence the government proposes to introduce under Fed. R. Evid.

17   404(b) at trial and the purpose for which introduction is sought.  This applies not only to evidence which the

18   government may seek to introduce in its case-in-chief, but also to evidence which the government may use

19   as rebuttal.  <u>See</u> <u>United States v. Vega</u>, 188 F.3d 1150 (9th Cir. 1999).  Mr. Chavez-Reyes is entitled to

20   "reasonable notice" so as to "reduce surprise," preclude "trial by ambush" and prevent the "possibility of

21   prejudice."  <u>Id.</u>; <u>United States v. Perez-Tosta</u>, 36 F.3d 1552, 1560-61 (11th Cir. 1994).  Mr. Chavez-Reyes

22   requests such reasonable notice at least two weeks before trial so as to adequately investigate and prepare for

23   trial.

24   (21)   <u>Residual Request</u>.  Mr. Chavez-Reyes intends, by this discovery motion, to invoke his rights

25   to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution

26   and laws of the United States.  Mr. Chavez-Reyes requests that the government provide his attorney with the

27   above-requested material sufficiently in advance of trial to avoid unnecessary delay prior to cross-

28   examination.

### III.

### **REQUEST FOR LEAVE TO FILE FURTHER MOTIONS**

Mr. Chavez-Reyes and defense counsel have received forty-two pages of discovery in this case. As new information surfaces due to the government providing discovery in response to these motions or an order of this Court, defense will find it necessary to file further motions, or to supplement existing motions with additional facts.  Therefore, defense counsel requests the opportunity to file further motions based upon information gained from discovery.

### IV.

### **CONCLUSION**

For the reasons stated above, Mr. Chavez-Reyes moves this Court to grant his motions.

Respectfully submitted,


DATED:  August 18, 2008                              /s/ Sara M. Peloquin
                                                              **SARA M. PELOQUIN**
                                                              Federal Defenders of San Diego, Inc.
                                                              Attorneys for Joaquin Chavez-Reyes

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08CR2521-JAH |
| | ) | |
| v. | ) | |
| | ) | CERTIFICATE OF SERVICE |
| JOAQUIN CHAVEZ-REYES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Counsel for Defendant certifies that the foregoing pleading, is true and accurate to

the best of her information and belief, and that a copy of the foregoing has been electronically served

this day upon:

Carlos Arguello, Assistant United States Attorney
880 Front Street
San Diego, CA 92101

Dated:  August 18, 2008

*/s/ Sara M. Peloquin*
**SARA M. PELOQUIN**
Federal Defenders
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467  (tel)
(619) 687-2666  (fax)
Email: sara_peloquin@fd.org